UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY A. FRANKLIN

CIVIL ACTION NO. 07-cv-2083

VERSUS

REFERRED TO:

U.S. COMMISSIONER SOCIAL
SECURITY ADMINISTRATION

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Gregory Franklin ("Plaintiff") applied for disability benefits based on spinal and other health problems. Plaintiff has a high school education and past work experience as a letter carrier for the postal service. At the time of his hearing, he was working only two hours a day in an office-type job. ALJ Osly Deramus denied the claim after finding that Plaintiff had the residual functional capacity ("RFC") to perform the demands of appointment clerk, a sedentary, semi-skilled job that is available in significant numbers in the national and regional economy.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

The scheduling order requires a plaintiff to list specific errors raised on appeal. Plaintiff lists the following issues: (1) the ALJ erred in not considering as a severe impairment Plaintiff's right carpal tunnel syndrome, fatigue arising from polycythemia, and pain; and (2) the ALJ erred in his evaluation of an opinion from Dr. Hernandez.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The records show that Plaintiff was in a car accident in 2003, after which he had serious back pain. Conservative treatment was first attempted, but Plaintiff was eventually referred for surgery. Dr. Pierce Nunley performed a lumbar fusion at L4-5 and L5-S1, and rods were installed. Plaintiff's back and leg pain diminished in the months after the surgery, but it did not go away. By November 2005, Dr. Nunley stated that there was nothing

operative that he could do for further improvement, and he referred Plaintiff to his primary care physician or Dr. Austin Gleason for further spine care. Dr. Nunley wrote that Plaintiff "is not able to return to his full previous duties, but I do think he is employable." Tr. 136. Dr. Gleason gave Plaintiff a note to return to work, working two hours a day at a sedentary level, alternating between sitting and standing. Tr. 135.

Dr. Robert Holladay, an orthopedic surgeon, conducted a consultative examination in November 2005. Plaintiff complained of back pain as well as numbness in his little and ring finger of his right hand. Dr. Holladay found, after the examination, that Plaintiff could sit, stand, or walk for about four hours out of a workday, but he needs to change positions frequently. Dr. Holladay said that Plaintiff was also unable to do frequent repetitive bending, heavy lifting, climbing, crawling, stooping, or twisting type activities. With regard to the hands and upper extremities, the hands showed a full range of motion, and grip strength was 4/5 on the right and 5/5 on the left. Motor strengths were 5/5 in all muscle groups in both upper extremities, and sensory function was intact in both upper extremities. Dr. Holladay wrote that Plaintiff "has objective findings in his right hand consistent with ulnar nerve neuritis." But he concluded that Plaintiff was nonetheless "capable of use of his hands for grasp, fine manipulation, pushing and pulling, and occasionally reaching overhead. He also opined that Plaintiff could frequently lift 10 pounds and occasionally lift 20 pounds. Tr. 95-98.

Dr. David Adams conducted electrodiagnostic testing in January 2006. He listed his findings as right carpal tunnel syndrome, moderate. Tr. 132-34.

When Plaintiff completed his application papers, he did not identify hand limitations. The Commissioner points out that Plaintiff completed a form that allowed him to check a box for any items that his conditions affected. Plaintiff checked nine boxes, but he did not check the box for "using hands." Tr. 64. By the time of the hearing, several months later, Plaintiff claimed that he had problems picking up small objects such as a pen or a pencil on a desk. He said he could lift his arms over his head as long as no weight was involved, and he said that writing "for an extended period" would make his hands and fingers go numb. He estimated that he could sign his name only 10 or 15 times before he would have to stop. Tr. 176.

The ALJ discussed the carpal tunnel syndrome diagnosis, but he did not find it to present a severe impairment. He went on to find an RFC that included full bi-manual dexterity. Plaintiff complains that the ALJ erred in not including his carpal tunnel syndrome as a severe impairment. The ALJ acknowledged that the test by Dr. Adams confirmed right carpal tunnel syndrome, moderate, but he determined that it was not a severe impairment "because there are no objective indicators that claimant's fine manipulative functions are impaired." Tr. 18. Dr. Holladay's evaluation, which specifically considered the carpal tunnel problems, supports that finding. Not every diagnosis of some degree of carpal tunnel syndrome requires a finding that there is a severe impairment. See e.g., Benjamin v. Astrue,

2008 WL 731198 (W.D. La. 2008). As for Plaintiff's testimony, the ALJ did not find it to be entirely credible regarding the extent of symptoms and their limiting effects. Tr. 21. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). Reasonable persons might disagree about the ALJ's assessment of the evidence, but he made a considered decision that is supported by objective medical evidence and his credibility determination, so judicial relief is not available with respect to this issue.

Plaintiff argues that the ALJ should have also recognized pain, stemming from his spinal disorders and carpal tunnel syndrome, as a severe impairment. The ALJ did recognize that Plaintiff has a severe impairment in the form of degenerative disk disease, status post-lumbar fusion. Pain is a symptom of that impairment and the ALJ discussed that pain and considered its effect in determining the RFC. There is no reversible error with regard to this issue.

The ALJ also found as a severe impairment polycythemia, which he described as an increase in the number of circulating red blood cells per volume of blood. Plaintiff's primary care physician, Dr. Hernandez, listed this diagnosis in his records and stated that Plaintiff periodically donates blood to address the problem. Tr. 146. There was little else in the record regarding the diagnosis or any suggestions as to the degree of limitations it might

cause. The ALJ did some medical research and noted that the most likely form of the condition from which Plaintiff suffers reportedly will resolve with appropriate treatment in about one-third of patients. More important, he wrote, "Standing alone, the condition might be fairly unremarkable, but in combination with his back pain, the claimant's stamina is likely reduced." Tr. 18.

Plaintiff argues that the ALJ erred in not listing as a severe impairment fatigue arising from polycythemia. The ALJ did find that the polycythemia presented a severe impairment, and fatigue is simply a potential symptom, one which the ALJ acknowledged. The ALJ did not, as Plaintiff argues, simply assume that Plaintiff would be cured of the condition. He directly found a reduction in stamina and considered it in assessing the RFC. Plaintiff does not point to objective medical evidence to support a greater limitation than reflected by his RFC, so there is no reversible error with regard to this issue.

After the ALJ decided the case, but while it was pending before the Appeals Council, Plaintiff submitted a medical source statement from Dr. Hernandez. Plaintiff argues in his brief that, according to Dr. Hernandez, polycythemia is expected to cause fatigue that would markedly limit Plaintiff's ability to work. The statement (Tr. 158-59) does check places on the form to indicate that Plaintiff has a condition expected to produce moderate fatigue that would require more rest than afforded by traditional rest periods at work. Dr. Hernandez also estimated that Plaintiff could only sit or stand/walk one hour each in an eight-hour workday. The statement contains no indication, however, that these limitations are attributed to

polycythemia. Rather, Dr. Hernandez writes that the limitations are due to degenerative, thoracic and lumbar disease and premised on a diagnosis of thoracic and lumbar stenosis. The agency was free to favor the contrary and less-limiting report from Dr. Holladay, an orthopedic specialist, with regard to limitations stemming from that condition. If the report was meant to suggest limitations stemming from polycythemia, it did not say so with adequate clarity to warrant reversal of the agency decision.

Plaintiff has serious health issues, and the ALJ found that he is very limited in his ability to work. Plaintiff has made reasonable arguments regarding how the ALJ interpreted the evidence, but the court is quite limited in its ability to review the agency decision. For the reasons stated above, the agency decision satisfies the substantial evidence standard of review, so a judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE